UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK,<br><br>  Plaintiff,<br><br>  v.<br><br>P. THOMPSON, et al.,<br><br>  Defendants. | No.  2:21-cv-2167-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding without counsel in a civil action.  On February 17, 2022, the court issued findings and a recommendation that this action be dismissed after plaintiff failed to submit the trust account statement required by 28 U.S.C. § 1915(a).  ECF No. 13.  Thereafter, plaintiff notified the court that he was told by a "program review case manager" that she would get him one.  ECF No. 14.  Subsequently, on March 3, 2022, plaintiff notified the court that the "Unit Team" would not comply.  ECF No. 16.  To date, plaintiff has not submitted a certified trust account statement to the court.

In an abundance of caution, the court will hold the findings and recommendations in abeyance and grant plaintiff an extension of time to submit the required trust account statement or, alternatively, submit information as to what efforts he made to obtain that statement and the response(s) by prison officials to his request for the statement.

/////

Plaintiff has also filed several requests for counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, IT IS ORDERED that:

1. Plaintiff has 30 days from the date of this order to submit a certified trust account statement. If plaintiff is unable to comply with this order, he must submit to the court a copy of his request for a copy of his certified trust account statement along with any responses received from prison officials. If plaintiff does not receive a written response from a prison official, he shall identify, by name, the official who denied his request. Should plaintiff fail to timely comply, the findings and recommendations will be submitted to the district judge for consideration.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's requests for appointment of counsel (ECF Nos. 7, 16, 19) are denied.

Dated: March 23, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE