UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK,<br><br>    Plaintiff,<br><br>    v.<br><br>P. THOMPSON, et al.,<br><br>    Defendants. | No. 2:21-cv-2167-TLN-EFB P<br><br><br>ORDER |

    Plaintiff is a federal prisoner proceeding without counsel in a civil action. He has submitted an affidavit requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). He has not, however, submitted a certified trust account statement.

    Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."

    Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent. He has, however, documented with the court his attempts to obtain it. Plaintiff states that on January 29, 2022, his program review case manager told him she would get him a copy of his certified trust account statement. ECF No. 14 at 1. On February 25, 2022,

plaintiff wrote to Warden Brewer, stating that he had not been able to obtain a certified trust account statement from his unit team even though he had showed this court's orders to his case manager. ECF No. 16 at 3. According to plaintiff, Warden Brewer responded by instructing plaintiff to utilize the administrative remedy process of the Federal Tort Claims Act. ECF No. 17 at 1. On April 3, 2022, plaintiff wrote to E. Boeber, the acting unit manager, again requesting a certified trust account statement. ECF No. 21 at 2. On April 13, 2022, and again on April 21, 2022, plaintiff notified the court that he had not received a response to this request. ECF Nos. 22 & 23.

Generally, the court cannot issue an order against individuals who are not parties or are not acting in concert with parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The All Writs Act, however, gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). Here, the denial of access to plaintiff's trust account statement is frustrating this court's ability to rule on plaintiff's in forma pauperis application.

Plaintiff, who declares that he is indigent (ECF No. 9), will be unable to proceed with this action if the officials at Federal Correctional Institute, Herlong do not provide him with the trust account statement (or institutional equivalent) required by 28 U.S.C. § 1915. Accordingly, pursuant to the All Writs Act, Warden Dave Brewer is ordered to file a copy of plaintiff's certified trust account statement as required by required by 28 U.S.C. § 1915(a)(2), or alternatively, a status report addressing plaintiff's ability to obtain the certified trust account statement.

/////

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, Warden Dave Brewer shall file a copy of plaintiff's certified trust account statement as required by required by 28 U.S.C. § 1915(a)(2), or alternatively, a status report addressing plaintiff's ability to obtain the certified trust account statement.

2. The Clerk of the Court is directed to serve a copy of this order, plaintiff's application to proceed in forma pauperis (ECF No. 9), and the referenced inmate request forms (ECF No. 16 at 3; ECF No. 21 at 2), on Warden Dave Brewer, FCI Herlong, Federal Correctional Institution, P.O. Box 900, Herlong, California, 96113.

Dated: May 5, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE