UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK,<br><br>  Plaintiff,<br><br>  v.<br><br>P. THOMPSON, et al.,<br><br>  Defendants. | No. 2:21-cv-2167-TLN-EFB (PC)<br><br>ORDER |

Plaintiff is a federal inmate proceeding without counsel in a civil action. In addition to filing a complaint (ECF No. 1), plaintiff has filed a request for leave to proceed in forma pauperis (*see* ECF Nos. 9, 27), several motions to amend or supplement his complaint (ECF Nos. 3, 7, 10, 24), two motions seeking injunctive relief (ECF Nos. 8, 31), a request for compassionate release (ECF No. 29), and a request for the appointment of counsel (ECF Nos. 1 & 7). Plaintiff's filings are addressed below.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).[1] However, a review of court records reflects that plaintiff has been designated a "three-strikes" litigant for

---

[1] Accordingly, the court withdraws the February 17, 2022 findings and recommendations (ECF No. 13) recommending that this case be dismissed because plaintiff had not submitted the required trust account statement. The required trust account statement was filed on June 10, 2022. ECF No. 28. Plaintiff's request for the court to "address th[e] issue" regarding his trust account statement (ECF No. 27) is denied as moot.

1

purposes of 28 U.S.C. § 1915(g). *See Black v. Zenk*, 1:06-cv-00160-CAP (N.D. Ga. Feb. 6, 2006). A three-strikes litigant may only proceed in forma pauperis "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, plaintiff's complaint satisfies the imminent danger exception. *See* ECF No. 1 at 6 (alleging he has been denied medical care for lingering respiratory problems from prior COVID-19 infection). Accordingly, plaintiff's application for leave to proceed in forma pauperis is granted. By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Pursuant to § 1915A(a)

A. <u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

/////
/////
/////

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B. <u>Screening Order</u>

The only claims that may proceed in this action must relate to the alleged imminent danger. *See Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Here, the alleged imminent danger concerns plaintiff's respiratory problems caused by a prior COVID-19 infection. In this regard, plaintiff alleges that he was transferred between prisons during two forest fires and could not breathe because of the smoke. ECF No. 1 at 5. Plaintiff further alleges that Dr. Allred did not check on him for six days and failed to follow through on a promise of antibiotics. *Id.* Plaintiff does not allege whether Dr. Allred was aware of plaintiff's breathing problems or what caused the six-day delay. Nor does plaintiff allege why he needed antibiotics or how he was harmed by not receiving them. Plaintiff also claims that Warden Brown would not allow him ice for a fever. *Id.* Plaintiff does not allege why Brown would not allow him ice or how this harmed him. According to plaintiff, "FCI Herlong will let him die if gets sick again." *Id.* at 6.

Plaintiff's allegations are not sufficient to survive screening. Deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first

establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In an amended complaint, if plaintiff chooses to file one, he should specify how each individual defendant responded to his serious medical needs with deliberate indifference and how their acts or omissions caused him harm.

After plaintiff filed the original complaint on November 22, 2021, he filed numerous motions to amend and/or supplement his complaint. *See* ECF No. 3 (entitled "supplement to breach of contract," and requesting that it be filed and attached to the original complaint); ECF No. 7 (entitled "Request to Enter the Following as Evidence to Support Claim"); ECF No. 10 (notifying court that warden named in original complaint "should not be held responsible" because there is now a new warden); ECF No. 24 ("Request to Supplement"). Filing separate documents that are intended to be read together as a single complaint is not the proper procedure for amending or supplementing a complaint. To add, omit, or correct information in the operative complaint, plaintiff must file another complaint that is complete within itself. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*

/////

/////

4

*Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

For these reasons, plaintiff's complaint (and the intended amendments and supplements thereto) is dismissed with leave to amend in accordance with the requirements set forth in this order.

C. <u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607.

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Motions for Injunctive Relief

On December 21, 2021, plaintiff filed a motion requesting that the court "order the Warden to start his [blood pressure] medication immediately," which the court construes as a motion for injunctive relief. *See* ECF No. 8 at 3. On August 1, 2022, plaintiff filed another motion for preliminary injunctive relief pertaining to his medical needs. ECF No. 31. Plaintiff,

however, fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, the complaint must be dismissed and at present plaintiff has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motions, construed as those for injunctive relief, must be denied.

Motion for Compassionate Release

Plaintiff has also filed a motion seeking compassionate release. ECF No. 29. A request to be released from custody cannot be adjudicated in this civil rights action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Request for Appointment of Counsel

Plaintiff also requests the appointment of counsel. *See* ECF Nos. 1 & 7. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v.*

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

*Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## Conclusion

Accordingly, it is ORDERED that:

1. The February 17, 2022 findings and recommendations (ECF No. 13) are WITHDRAWN;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 9) is GRANTED and plaintiff's related motion (ECF No. 27) is DENIED as moot;

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Federal Bureau of Prisons filed concurrently herewith;

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order and the motions to amend or supplement his complaint (ECF Nos. 3, 7, 10, & 24) are DENIED as moot;

5. Plaintiff's motions (ECF Nos. 8, 31), construed as motions for injunctive relief, are DENIED without prejudice;

6. Plaintiff's motion for compassionate release (ECF No. 29) is DENIED;

7. Plaintiff's requests for appointment of counsel (ECF Nos. 1 & 7) are DENIED without prejudice; and

8. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: August 5, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE