1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    RANDY LAMAR BLACK,                         No. 2:21-cv-02167-TLN-EFB (PC)

11                   Plaintiff,

12          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
13    P. THOMPSON, et al.,

14                   Defendants.

15

16          Plaintiff is a federal prisoner proceeding without counsel in this civil action.  The court

17    screened plaintiff's original complaint on August 5, 2022 and dismissed it with leave to amend

18    for failure to state a cognizable claim.  ECF No. 32.  Plaintiff has filed an amended complaint,

19    which is before the court for screening under 28 U.S.C. § 1915A.[1]  ECF No. 34.  Also before the

20    court are plaintiff's motions for appointment of counsel (ECF Nos. 35 & 36), request for review

21    of his case by the assigned district judge (ECF No. 36) and motion for a preliminary injunction

22    ordering defendant Allred to provide him with medical care (ECF No. 35).

23    _____

24          [1] Plaintiff attempted to supplement his amended complaint by way of filings that he has
      labeled "motion to enter evidence" and a "motion to support claim."  ECF Nos. 35 & 37.  These
25    filings are not permitted by the Federal Rules of Civil Procedure.  To add, omit, or correct
      information in the operative complaint, plaintiff must do so by way of an amended complaint that
26    is complete within itself.  Further, the plaintiff must comply with Rule 15 of Federal Rules of
      Civil Procedure in presenting any amended complaint.  Filing separate documents that are
27    intended to be read together as one is not the proper means of amending or supplementing a
      complaint.  Accordingly, to the extent these motions are intended to amend or supplement the
28    complaint, they are denied and the existing complaint, ECF No. 34, will be screened.

                                                      1

1    **I.    Screening**

2          A.  *Requirement and Standards*

3          Federal courts must engage in a preliminary screening of cases in which prisoners seek

4    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

6    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

7    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

8    relief."  *Id.* § 1915A(b).

9          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

10   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

11   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

12   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

13   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

14   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

15   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

16   U.S. 662, 679 (2009).

17         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

18   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

19   action." *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

20   cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

1        B.  *Analysis*

2          Plaintiff is a three strikes litigant who may proceed only on claims relating to the alleged

3   imminent danger posed by his allegations of respiratory problems caused by a prior Covid-19

4   infection.  ECF No. 32 at 1-3.  In dismissing the original complaint, the court informed plaintiff

5   that he had not stated facts showing how each defendant acted with deliberate indifference to his

6   medical needs and how their conduct caused plaintiff harm.  *Id.* at 4.  Plaintiff's amended

7   complaint cures that error with respect to defendants Allred and Birch, but not defendants

8   Thompson, Alatory, Nimmo, and Brown.

9          Deliberate indifference to serious medical needs consists of two requirements, one

10  subjective and one objective.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*,

11  203 F.3d 1122, 1132-33 (9th Cir. 2000).  The plaintiff must first establish a "serious medical

12  need" by showing that "failure to treat a prisoner's condition could result in further significant

13  injury or the unnecessary and wanton infliction of pain."  *Jett*, 439 F.3d at 1096 (internal

14  quotation marks omitted).  "Second, the plaintiff must show the defendant's response to the need

15  was deliberately indifferent."  *Id.*  The subjective element is satisfied where prison officials

16  "deny, delay or intentionally interfere with medical treatment."  *Hutchinson v. United States*, 838

17  F.2d 390, 394 (9th Cir. 1988).  "[T]he official must be both aware of facts from which the

18  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

19  inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

20         Plaintiff alleges that, when he tested positive for Covid-19, he was placed in isolation and

21  was experiencing headaches and breathing problems.  ECF No. 34 at 3-4.  Plaintiff asked

22  defendant Allred, a doctor, for medication for his breathing problems and headaches.  *Id.* at 4.

23  Defendant Allred told plaintiff he could buy over-the-counter medicine from the commissary,

24  headed by defendant Birch.  *Id.* at 4.  Plaintiff told Allred that he had tried to buy medicine from

25  the commissary but was unable to, but Allred still declined to provide medicine to plaintiff,

26  causing him to experience unnecessary pain and discomfort.  *Id.* at 4.  As discussed below, these

27  allegations suffice to state a potentially cognizable Eighth Amendment claim against Allred.

28  Plaintiff's allegations are also sufficient to state a potentially cognizable Eighth Amendment

claim against Birch.  But they fail to state a claim as to defendants Thompson, Alatory, Brown and Nimmo.

Plaintiff alleges that he asked defendant Thompson, prison warden, if he could see a doctor, and Thompson agreed.  *Id.* at 2.  Although plaintiff was infected with Covid-19, the doctor did not see plaintiff until six days later.  *Id.*  Plaintiff again fails to state facts showing that, at the time he asked Thompson to see a doctor, his Covid-19 infection created a serious medical need, that Thompson was aware of the infection and that it posed a substantial risk of serious harm to plaintiff such that medical attention was immediately required (or at least was required in less than six days), and that Thompson's action or inaction caused the delay.  Accordingly, plaintiff has not stated a potentially cognizable claim against Thompson.

Plaintiff alleges that defendants Brown and Alatory, both assistant wardens, knew that he had contracted Covid-19 but said no when plaintiff asked them for ice and aspirin.  *Id.* at 2-3.  Plaintiff had a fever and a parched throat, but defendants Brown and Alatory told him "the doctor will be here."  *Id.*  Plaintiff fails to state facts showing that Brown and Alatory knew that plaintiff had a fever and a parched throat, knew that these symptoms posed a substantial risk of serious harm to plaintiff, or that their response (that the doctor would be coming) denied, delayed, or interfered with his treatment (there are no facts in the complaint indicating how much time elapsed between plaintiff's request for ice and aspirin and the arrival of the doctor).  Accordingly, plaintiff has not stated potentially cognizable claims against Alatory and Brown.

Plaintiff alleges that defendant Birch refused to allow him to purchase medication from the commissary despite being informed by Allred that plaintiff needed the medication to treat his Covid-19 symptoms.  *Id.*  These allegations suffice to state a potentially cognizable Eighth Amendment claim against Birch.

Plaintiff alleges that defendant Nimmo, manager of plaintiff's housing unit, knew that plaintiff could not get access to a computer to email medical staff.  *Id.* at 7-8.  This impaired plaintiff's ability to alert defendant Allred to his "medical pleas for help."  *Id.*  Plaintiff fails to include facts that show that plaintiff had a serious medical need at the time that he could not access a computer, that Nimmo was aware of facts indicating that plaintiff faced a substantial risk

4

1   of harm if he could not use a computer to communicate with Allred (e.g., that plaintiff had no

2   alternative means of getting medical attention), or that plaintiff's inability to use a computer to

3   communicate with Allred caused him harm.  Accordingly, plaintiff has not stated a potentially

4   cognizable claim against Nimmo.

5        Plaintiff may proceed on his deliberate indifference claims against Allred and Birch only.

6   Alternatively, the court will provide plaintiff one last opportunity to amend the complaint to

7   attempt to state viable claims against the remaining defendants.

8        If plaintiff elects to file a second amended complaint, that pleading must identify as a

9   defendant only persons who personally participated in a substantial way in depriving him of a

10  federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

11  subjects another to the deprivation of a constitutional right if he does an act, participates in

12  another's act or omits to perform an act he is legally required to do that causes the alleged

13  deprivation).

14       Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

15  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

16       Any amended complaint must be written or typed so that it so that it is complete in itself

17  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

18  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

19  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

20  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

21  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

22  1967)).

23       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

24  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

25  *See* Local Rule 110.

26  **II.    Requests for Appointment of Counsel**

27       Plaintiff requests that the court appoint him counsel.  *See* ECF Nos. 35 & 36.  District

28  courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.

1    *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances,

2    the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. §

3    1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900

4    F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances"

5    exist, the court must consider the likelihood of success on the merits as well as the ability of the

6    plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

7    *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court

8    finds there are no exceptional circumstances in this case.

9    **III.    Request for Review by District Judge**

10   Plaintiff requests that the district judge review this case.  ECF No. 36 at 5.  Although a

11   district judge is assigned to his case, all non-dispositive matters are decided by the undersigned

12   magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(b),(c).  If

13   plaintiff seeks review of a particular order of the undersigned, he must file a Request for

14   Reconsideration by the District Court of Magistrate Judge's Ruling in accordance with  Local

15   Rule 303(c).

16   **IV.    Motion for Injunctive Relief**

17   As noted, plaintiff's amended complaint alleges, among other things, that defendant

18   Allred denied him necessary care when he contracted Covid-19.  ECF No. 34.  In his instant

19   motion for injunctive relief, plaintiff alleges that he is currently being denied necessary

20   medication and other medical treatment for his post-Covid-19 symptoms by defendant Allred.

21   ECF No. 35 at 2.  Plaintiff asks the court for an order compelling Allred to provide him with

22   medication and other medical care.  *Id.* at 2-3.

23   A preliminary injunction will not issue unless necessary to prevent threatened injury that

24   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

25   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

26   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

27   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

28   326 F.2d 141, 143 (9th Cir. 1964).  To be entitled to preliminary injunctive relief, a party must

6

demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Plaintiff fails to meet that standard.  He avers that he has headaches, breathing problems, dizziness, and pain all over his body.  ECF No. 35 at 2.  He states that he has requested medication from Allred for months but has been denied.  *Id.*  He has also been denied an MRI to check his head for harm done by Covid-19.  *Id.*  He asserts that these inactions violate his Eighth Amendment rights.  *Id.* at 2-3.  While plaintiff's motion is signed under penalty of perjury and thus provides some evidence of his claims, he has not provided the court with anything further that would allow the court to evaluate the strength of his case.  In addition, plaintiff has not supported this weak showing on the merits with any argument or evidence concerning the other factors the court must consider in determining whether to grant a preliminary injunction (irreparable harm, balance of equities, and public interest).  For these reasons, the court will recommend that the district judge decline to issue a preliminary injunction.

/////

/////

/////

**V.   Order and Recommendation**

For the foregoing reasons, it is HEREBY ORDERED that:

1.   Plaintiff's motion to enter evidence and motion to support claim (ECF Nos. 35 & 37) are denied;

2.   Plaintiff's amended complaint (ECF No. 34) states, for screening purposes, potentially cognizable Eighth Amendment claims against defendants Allred and Birch;

3.   Plaintiff's remaining claims against all defendants (including those against defendants Thompson, Alatory, Brown and Nimmo) are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint;

4.   Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a second amended complaint.  If the former option is selected and returned, the court will enter an order directing service on defendants at that time;

5.   Plaintiff's requests for the appointment of counsel (ECF Nos. 35 & 36) are denied without prejudice;

6.   Plaintiff's request for review by the district judge (ECF No. 36) is denied; and

7.   Failure to comply with any part of this this order may result in dismissal of this action.

Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 35) order be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

UNITED STATES DISTRICT COURT

6

FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8

RANDY LAMAR BLACK,

No. 2:21-cv-02167-TLN-EFB

9

Plaintiff,

NOTICE OF INTENT TO PROCEED OR AMEND

10

v.

11

P. THOMPSON, et al.,

12

Defendants.

13

14

In accordance with the court's Screening Order, plaintiff hereby elects to:

15

16

17

(1)  _____  proceed only with his Eighth Amendment claims against defendants Allred

18

and Birch;

19

20

OR

21

(2)  _____  delay serving any defendant and file a second amended complaint.

22

23

_____

24

Plaintiff

25

Dated:

26

27

28

9