UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK,<br><br>Plaintiff,<br><br>v.<br><br>P. THOMPSON, et al.,<br><br>Defendants. | No. 2:21-cv-02167-TLN-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court is plaintiff's November 14, 2022 motion a preliminary injunction ordering defendant to provide him with medical care and/or transfer him to another institution.  ECF No. 39.  For the reasons that follow, the motion must be denied.

**I.      Motion for Injunctive Relief**

Plaintiff's amended complaint proceeds on his claims that defendants Allred and Birch denied him adequate medical care for his COVID-19 infection.  ECF Nos. 38 at 3-4 (screening order) & 41 (plaintiff's notice of intent to proceed on cognizable claims).  In this most recent request for preliminary injunctive relief, plaintiff alleges that he asked the warden of his institution why he could not get a transfer and that the warden replied, "Because you are white."  ECF No. 39 at 1.  Plaintiff argues that this violated his constitutional rights, particularly by denying him transfer to an institution that is within 15 minutes of an outside hospital, which

plaintiff claims is necessary due to his health needs. *Id.* at 1-2. Plaintiff would like to be transferred to "Atlanta USI," where he was previously incarcerated. *Id.* at 2.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to meet that standard. Plaintiff has not provided the court with anything that would allow the court to evaluate the strength of his case. Nor has plaintiff provided any argument or evidence concerning the other elements the court must consider in determining whether to grant a preliminary injunction (irreparable harm, balance of equities, and public interest).

////

2

Plaintiff also asks the court to add a new deliberate indifference claim to his complaint, but he does not state what facts make up the claim. ECF No. 39 at 2. If plaintiff wishes to add a claim to his case, he must do so by amending the complaint so that it is complete within itself (i.e. it contains all of plaintiff's claims and the facts underlying those claims).

## II.     Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's November 14, 2022 motion for a preliminary injunction (ECF No. 39) order be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE