UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK, | No. 2:21-cv-02167-TLN-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. THOMPSON, et al., | |
| Defendants. | |

Plaintiff is a federal inmate proceeding without counsel in a civil right action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. § 1915A(a), the court determined that plaintiff's first amended complaint (FAC), ECF No. 34, alleged a potentially cognizable Eighth Amendment claim against defendants David Allred, M.D. and B. Birch for deliberate indifference to serious medical needs. ECF No. 38. Defendants now move to dismiss the FAC pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failing to state a recognized cause of action under *Bivens*. ECF Nos. 57. Plaintiff opposes the motion and has also filed his own motion which he styles as a motion for judgment on the pleadings. ECF Nos. 64. Finally, plaintiff has filed pleadings captioned as "notices" which the court construes as motions to amend his FAC. ECF Nos. 53, 56, 63.

////

////

1

I.      Background

The FAC alleges that plaintiff tested positive for Covid-19 and was placed in isolation for 11 days.[1] ECF No. 34 at 3-4. Plaintiff asserts that he asked to see a doctor and Allred saw him 6 days later.[2] *Id*. at 4. Plaintiff asked Allred for medication for breathing problems, Covid-19, and headaches. *Id*. Allred did not prescribe medication and told plaintiff he could buy over-the-counter medicine from the commissary. *Id*. at 5.

Birch was head of the commissary. *Id*. Birch allegedly did not allow plaintiff to purchase over-the-counter medication "and covered his backside with a lie." *Id*. The FAC alleges email correspondence between Allred and Birch and implies that Birch represented that he had never denied an inmate the right to medication. *Id*.

Plaintiff asserts that he informed Allred he was unable to purchase from the commissary but Allred still refused to prescribe medicine for plaintiff. *Id*. Plaintiff alleges that he still suffers after-effects of breathing problems, headaches, and pain all over his body, which have not been treated. *Id*. Plaintiff requests a jury trial and an unspecified amount of damages. *Id*. at 9.

II.     Defendants' Rule 12(b)(6) Motion to Dismiss, ECF No. 57

Defendants move to dismiss arguing that plaintiff's claims are not cognizable under *Bivens*. ECF No. 57 at 5. They argue that the Supreme Court has implied a *Bivens* cause of action for money damages against federal agents in only a limited number of contexts not applicable here.[3] *Id*. at 3-4. Specifically, they argue that an implied *Bivens* action for a jailor's

---

[1] The FAC does not allege when this occurred. The original complaint alleges plaintiff tested positive for Covid-19 on September 9, 2021, was placed in isolation, and was released from isolation 11 days later, on September 20, 2021. ECF No. 1 at 4-5. This corresponds to the allegation in the FAC that plaintiff was isolated for 11 days.

The FAC also alleges that plaintiff was "taken to the hospital" on August 10, 2022. ECF No. 34 at 4-5. Plaintiff's hospital visit in August 2022 thus appears to be a separate event, and not the occurrence on which his claims are based.

[2] The FAC's allegation of a 6-day wait to be seen by Allred repeats plaintiff's allegation in his original complaint that he waited 6 days to see Allred. ECF No. 1 at 5.

[3] Three distinct categories of *Bivens*-type causes of action have been recognized by the Supreme Court, as discussed in Part II(B)(1). Other than these three categories of claims, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernández v. Mesa*, 589 U.S. 93, 102 (2020); *see also Egbert v. Boule*, 596 U.S. 482, 486 (2022) (since *Bivens*, the Supreme Court has "declined 11 times to imply a similar cause of action for

failure to provide adequate medical care, first recognized in *Carlson v. Green*, 446 U.S. 14 (1980), is unavailable for the claims plaintiff alleges here.

### A. Rule 12(b)(6) Standard

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). Further, "a document filed pro se is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); *see also* Rule 8(a). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.' A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Defendants' Challenge to Plaintiff's Eighth Amendment *Bivens* Claims

#### 1. The *Carlson* Line of *Bivens* Claims

The Supreme Court has recognized only three categories of implied causes of actions for damages against federal officials for constitutional violations: (1) claims for violation of Fourth Amendment unreasonable search and seizure rights, *Bivens*, 403 U.S. at 397; (2) claims for

other alleged constitutional violations").

violation of Fifth Amendment due process rights in the context of employment discrimination, *Davis v. Passman*, 442 U.S. 228, 245 (1979); and (3) claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, *Carlson*, 446 U.S. at 20. Because *Bivens*-type actions are implied, they are disfavored. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). If a case presents a "new *Bivens* context," then the court must consider whether special factors indicate that the courts are at least arguably less equipped than Congress to weigh the costs and benefits of allowing a new type of damages action. *Marquez v. Rodriguez*, 81 F.4th 1027, 1030 (9th Cir. 2023) (citations omitted). If Congress might be better equipped than the courts, the damages action may not proceed. *Id*.

Plaintiff's claims in this lawsuit proceed, if at all, under the *Carlson* line of *Bivens*-type claims. *Carlson* involved an inmate who was not given prescribed medications and suffered an asthma attack. *Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978). There was no physician on duty, nor consulted, for the eight hours he was in medical crisis. *Id*. An unlicensed nurse tried to use a broken respirator, then administered an antipsychotic medication contraindicated for asthmatic attacks. *Id*. The inmate died from respiratory arrest. *Id*.

2. Defendants' Pre-*Stanard* Argument

Defendants argue that plaintiff's allegations do not describe a life-threatening medical emergency such as in *Carlson* and therefor his FAC cannot be actionable under *Bivens*. ECF No. 57 at 5. Defendants contend that allowing plaintiff to proceed on the allegations of the FAC would imply a new form of constitutional tort liability based on inadequate non-emergency care relating to Covid-19. ECF No. 59 at 1-2 (citing *Washington v. Federal Bureau of Prisons*, 2022 WL 3701577, at *5 (D.S.C. Aug. 26, 2022)).[4] Stated another way, they argue that the allegations present a new *Bivens* context and there are "special factors" present here which counsel against extending *Bivens* liability to these circumstances. ECF No. 57 at 7-8.

As to the "special factors," defendants point to an alternative remedial structure in the form of a grievance system and argue that Congress is better equipped than the courts to

---

[4] *Washington* and other cases finding new *Bivens* contexts are discussed in *Feao v. Ponce*, 696 F. Supp. 3d 887, 907-908 (C.D. Cal. 2023). *See also infra* Part II(B)(4).

4

determine whether plaintiff should have a claim for monetary damages available to him. *Id*. at 9-10. They contend that providing a *Bivens* remedy in these circumstances would require the court to wade into, and adversely impact, prison management policies and create an influx of claims. *Id*. at 9-10.

After the close of briefing on the motion, the Ninth Circuit decided *Stanard v. Dy*, 88 F.4th at 817 (9th Cir. 2023), and the defendants filed a request for supplemental briefing to address it. ECF. No. 60. As defendants acknowledge in their supplemental brief, the Ninth Circuit held that differences in the degree of deficient medical care are not so meaningful as to give rise to a new *Bivens* context such that a claim predicated on *Carlson*, 446 U.S. at 20, would imply a new constitutional tort. *Id*. at 1 (citing *Stanard*, 88 F.4th at 817). The inmate in *Stanard* was denied treatment for Hepatitis C Virus for a period of time after he had initially declined it. 88 F.4th at 817. The Ninth Circuit held that an inmate's claim seeking "a damages remedy for failure to provide medical attention evidencing deliberate indifference to serious medical needs" falls within "every dimension the Supreme Court has identified as relevant" to the question whether the claim is meaningfully different than *Carlson*. *Id*. (citing *Hicks v. Ferreyra*, 965 F.3d 302, 311 (9th Cir. 2020) (internal quotation marks omitted)).

        3.        <u>Defendants' Post-*Stanard* Argument</u>

Defendants nevertheless argue that *Stanard* does not dictate that plaintiff's claims must proceed. Defendants contend that *Stanard* is factually distinguishable from this case, which simply begs the question addressed in *Stanard* that factual distinctions must be ones that present meaningful differences. Defendants also note that *Stanard* was fully briefed before the Supreme Court issued its decision in *Egbert v. Boule*, 596 U.S. 482, 492 (2022). Defendants argue that:

> The opinion in *Stanard* does not "bear on the relevant point" in *Egbert*: that the "Judiciary is comparatively ill suited to decide whether a damages remedy . . . is appropriate[,]" even in cases involving "similar allegations of" deliberate indifference to medical care that "present 'almost parallel circumstances' or a similar 'mechanism of injury'" to *Carlson*, because such "superficial similarities are not enough to support the judicial creation of a cause of action."

ECF No. 60 at 2 (citing *Egbert*, 596 U.S. at 495 (internally quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017))).

Even though *Stanard* was briefed before *Egbert* was decided, the Ninth Circuit Court had the benefit of and explicitly acknowledged the *Egbert* decision in deciding *Stanard*, *see* 88 F.4th at 815-816. Accordingly, *Stanard* must be understood to have fully considered *Egbert*'s analysis in reaching its holding. This brings us back to considering how *Stanard* affects the analysis of whether plaintiff's Eighth Amendment claims present a new *Bivens* context.

Defendants maintain that "*Stanard* did not hold that all prisoner medical claims fall within *Carlson*'s context," ECF No. 60 at 3, and that there are meaningful differences between this case and *Carlson*. Defendants argue it is a "fact" that plaintiff "did not face a life-threatening medical issue." *Id*. Based on this assertion, defendants propose three reasons why differences between this case and *Carlson* are meaningful: (1) claims based on routine and non-emergency medical care cases risk more disruption by the judiciary on the executive; (2) the judiciary has less clear guidance as to how medical providers should respond to non-emergency medical care for Covid-19 compared to a life-threatening disease as in *Carlson*; and (3) "potential" special factors that were not considered in *Carlson* are present here, namely the post-*Carlson* enactment of the Prison Litigation Reform Act (PLRA) and the alternative potential relief available through the Bureau of Prisons's (BOP's) administrative remedy program. *Id*. at 3-4. Plaintiff responds that Covid-19 is a life-threatening disease and that he still suffers from its long-term after-effects. ECF No. 62 at 1.

    4.  <u>Analysis</u>

Defendants' arguments, and plaintiff's response, highlight the difficulty with attempting to identify new *Bivens* contexts in Eighth Amendment claims on a motion to dismiss: the undeveloped state of the record at this stage. Defendants insist that this case presents a new *Bivens* context because it is a "fact" that plaintiff's medical issue was not life-threatening. Yet, the complaint does not state that as a fact and nothing in the record establishes it. Further, it is not always possible to conclusively establish the life-threatening (or not) nature of a plaintiff's medical issue as a "fact" at the pleading stage. The essence of plaintiff's medical issue is that he could not access medications recommended by his physician while infected with a potentially life-threatening disease. Lack of medication was the beginning of the chain of events in *Carlson*

6

1  that ultimately led to the inmate's death.  It cannot be presumed that inability to access

2  medications is not life-threatening, even if that were the standard articulated in *Stanard*, which it

3  is not.  The Ninth Circuit's holding in *Stanard* was that an Eighth Amendment claim seeking

4  damages for failure to provide medical attention evidencing deliberate indifference to serious

5  medical needs is not meaningfully different than *Carlson* and does not present a new *Bivens*

6  context.  88 F.4th at 817.

7        Contrary to defendant's first argument, a life-threatening or emergency/non-emergency

8  medical issue is not the standard stated in *Standard*.  Plaintiff's Eighth Amendment claim checks

9  all the boxes described by the Ninth Circuit in *Stanard* and therefore does not present a new

10  *Bivens* context.  *See Sides v. Hosseini*, No. 2:22-cv-08334-DMG (GJG), 2024 WL 2867802, at

11  *15 (C.D. Cal. Mar. 6, 2024) (the *Stanard* panel did not find meaningful differences between a

12  "potentially fatal asthma attack versus delay in HCV treatment," which indicates that severity of

13  medical need does not present new *Bivens* context); *see also Faeo*, 696 F. Supp. 3d at 908-909

14  (holding, before *Stanard* was issued, that the court "[was] not persuaded that the long-term

15  mismanagement of a serious condition, resulting in an inmate's death, is meaningfully different

16  from the more immediate mismanagement issue in *Carlson*, at least for purposes of determining

17  whether a *Bivens* remedy should be available" and noting that "such a conclusion would

18  essentially limit *Carlson* to its facts").

19        Defendants' second argument, that the judiciary has less clear guidance how medical

20  providers should respond to non-emergency needs for Covid-19 medical care, fails for similar

21  reasons.  *Stanard* does not hold that new *Bivens* contexts may be based on the type of disease or

22  medical need.  Also, the judiciary is no more or less equipped to address deliberate indifference to

23  medical needs as to certain types of such needs, versus other types of medical needs.

24        Defendant's third argument, that the Prison Litigation Reform Act (PLRA) was enacted

25  after *Carlson* was decided and that the BOP has an administrative remedy program, is

26  unpersuasive.  *Carlson* was decided in 1980.  The PLRA was enacted in 1996 and became

27  effective in 1997.[5]  In the decades since the PLRA was enacted, courts have continued to apply

28        [5] Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321, 1321-66 to -77 (1996) (codified as

*Carlson* to find implied causes of action for Eighth Amendment prisoner claims for deliberate indifference to serious medical needs. Defendants cite to five decisions issued by district courts in 2023 that found certain prisoner medical care claims presented "new contexts." ECF No. 60 at 4-5. These five cases were all decided after the Supreme Court's June 8, 2022 decision in *Egbert* but before the Ninth Circuit issued its December 11, 2023 decision in *Stanard*. *Stanard* did not directly address the effect, if any, of the PLRA or the BOP's administrative remedy program.[6] However, the Ninth Circuit Court did describe the *Stanard* plaintiff's efforts to pursue the BOP's administrative remedies. 88 F.4th at 814; *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (PLRA's exhaustion requirements applies to federal prisoners pursuing *Bivens* claims). At least implicitly, the *Stanard* decision appears to refute defendants' argument that the BOP's administrative remedies – and whether administrative remedies were exhausted or otherwise excused as required by the PLRA – constituted any "new context."

      Although defendants' arguments fail to convince that plaintiff's claims should be dismissed on this Rule 12(b)(6) motion, it is equally true that just because the FAC has survived screening does not negate plaintiff's burden to prove the objective and subjective elements of his Eighth Amendment claims for deliberate indifference to a serious medical need. *See*, *e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Just as defendants are unable at this stage to rely on a "fact" that plaintiff "did not face a life-threatening medical issue," so also plaintiff has not yet proven as a "fact" that he had a serious medical condition. His allegation that he did suffices to survive this Rule 12(b)(6) motion. But this case should proceed to resolve the merits of plaintiff's Eighth Amendment claims, including resolution of any disputed facts regarding whether plaintiff had a serious medical need that defendants disregarded with deliberate indifference. For all the above reasons, it is recommended that defendants' Rule 12(b)(6) motion

---

amended in scatter sections of 11, 18, 28, and 42 U.S.C.).

    [6] *Stanard* did consider, and rejected, an argument that the prisoner in that case "unlike the inmate in *Carlson*," was "challenging a broadly applicable BOP policy governing HCV treatment protocol in federal prisons, rather than a non-policy based pattern of neglect." 88 F.4th at 817. The inmate's claim in *Stanard* was about the "actions and state of mind of Defendants in denying him HCV treatment" and was not "simply challenging a broadly applicable BOP policy." *Id*. at 818.

to dismiss be denied.

III. Plaintiff's Motions And Evidentiary Matters

A. Rule 12(c) Motion for Judgment on the Pleadings, ECF No. 64

Plaintiff has filed a motion for judgment on the pleadings asking the court to rule on this case on the grounds that this case is "ripe." ECF No. 64 at 1. Plaintiff argues that he has prevailed because the court denied his motion for a jury trial and that "[t]he only question left is the damages phase." *Id*. at 2. His point is difficult to discern as plaintiff cites no authority and makes no substantive argument.

Defendants responded that the motion should be denied because their motion to dismiss is pending. ECF No. 65. Plaintiff reply asserts that defendants' argument is "time barred" or "procedurally barred." Whatever plaintiff's point, he simply misunderstands the nature of a motion for judgment on the pleadings.

A motion for judgment on the pleadings is governed by Rule 12(c) of the Rules of Civil Procedure, and like a motion under Rule 12(b)(6), seeks to have a plaintiff's complaint dismissed for failure to state a claim. Plaintiff fails to understand that the motion is essentially the same as a motion under Rule 12(b)(6), and its purpose is to test the sufficiency of the pleadings. *Granda v. California Public Employees' Retirement Sys.*, 620 F. Supp. 3d 1038, 1041 (E.D. Cal. 2022).

Plaintiff seems to believe, mistakenly, that judgment can be entered on his behalf solely on the basis of his FAC, and because the court denied his request for a jury trial. The court's denial of a jury trial simply means that this case will be tried before the court without a jury. *See* Fed. R. Civ. P. 38, 39. For these reasons, it is recommended that plaintiff's Rule 12(c) motion for judgment on the pleadings be denied.

B. Motions to Amend The FAC, ECF Nos. 53, 56, 63

After plaintiff's amended complaint was screened and he elected to proceed only with his Eighth Amendment claims against defendants Allred and Birch, he filed a "notice of retaliation by B.O.P.," ECF No. 53, and another pleading captioned "retaliation for above case as follows," ECF No. 56. Plaintiff has also filed a "notice of B.O.P. impairment," which does not explicitly reference retaliation but implies that the BOP has interfered with plaintiff's right of access to the

courts by losing his legal mail. ECF No. 63.[7]

Plaintiff was informed in the screening order that he may not change the nature of this suit by alleging new, unrelated claims. ECF No. 38 at 5 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Any claims that plaintiff might seek to add to this lawsuit based on allegations of retaliation, or of interference with plaintiff's right of access to the courts, are unrelated and would change the nature of this suit. Plaintiff's pleadings docketed at ECF Nos. 53, 56, and 63, construed as motions to further amend his complaint to add claims against prison officials who have allegedly retaliated against him for pursuing this lawsuit, should be denied.

### C. Plaintiff's Evidentiary References

Plaintiff's FAC refers to, and presumes to rely upon, documents that he believes "the court" has in its possession.[8] He has not supplied them nor explained why they are appropriate for consideration on the Rule 12(b)(6) motion. Courts normally do not look beyond the complaint in resolving a Rule 12(b)(6) motion. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) (a court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint). Whatever the nature of the documents plaintiff references, he has not provided copies nor made clear what he might be attempting to incorporate by reference.

Even if this were a motion under Rule 56, the court cannot import nor infer plaintiff's evidentiary record in this case based on vague references to documents that may or may not be in

---

[7] Plaintiff filed similar pleadings alleging or implying forms of retaliation, ECF Nos. 6, 15, 26, *before* the court accepted the cognizable claim stated in the FAC and plaintiff elected to proceed on that claim. ECF Nos. 34, 38, 41. These earlier pleadings were mooted by plaintiff's election to proceed on only the Eighth Amendment claim against Allred and Birch as stated in the FAC. ECF No. 41.

[8] The FAC cites to a document that plaintiff apparently believes the court has in its possession. ECF No. 34 at 4 (stating "see Court's copy"). Plaintiff also alleges he received a "sales slip", but he was denied medical treatment and medicine. *Id*. at 6. Plaintiff again refers the court to records he says the court has in its possession. *Id*. at 5 ("I have no copies but this Court has several slips.").

the record of this case, or that may be in pleadings or exhibits filed in another lawsuit.[9] *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("[a] district court does not have a duty to search for evidence that would create a factual dispute" on summary judgment, not even within the record of the case before the court, and not even for pro se litigants (citation omitted)); *Justice v. Rockwell Collins, Inc.*, 117 F. Supp. 3d 1119, 1128 (D. Ore. 2015) (a pro se plaintiff's initial pleadings are held to less stringent standards, but at summary judgment the plaintiff's burden of proof and the elements he must prove are not relaxed). Even if pleadings or exhibits plaintiff has filed in other cases might contain documents relevant to the resolution of his claims in this case, plaintiff is cautioned that the court will not undertake to examine those records to attempt to infer plaintiff's evidence or arguments for him. Plaintiff must adhere to the Federal and Local Rules governing presentation and filing of his pleadings and evidentiary exhibits.

IV.   Recommendations

Accordingly, for all the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions to amend his complaint, ECF Nos. 53, 56, and 63 be DENIED.
2. Defendants' motion to dismiss, ECF No. 57, be DENIED.
3. Plaintiff's motion for judgment on the pleadings, ECF No. 64, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff is a three-strikes litigant who has litigated in multiple jurisdictions. ECF No. 32 at 1-2.

11