UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS,<br><br>        Plaintiff,<br><br>     v.<br><br>ALAN KIRSCH,<br><br>        Defendant. | No. 2:22-cv-00640-DAD-EFB (PC)<br><br><br>ORDER |

Plaintiff is incarcerated in a state prison, proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is his motion to compel discovery, filed September 12, 2024, ECF No. 46, as well as defendant Kirsch's opposition to the motion and plaintiff's reply. ECF Nos. 48, 50. After review of the record and the parties' briefs, the court denies the motion.

**A.    Relevant Procedural History**

Plaintiff initiated this action by a complaint filed April 11, 2022, alleging violations of his civil rights from inadequate optometric care he received while housed at Mule Creek State Prison. ECF No. 3. Consistent with orders from this court, plaintiff filed a first amended complaint on July 18, 2022; a second amended complaint on September 26, 2022; and a third amended complaint on December 27, 2022. ECF Nos. 11, 13, 15; *see* ECF Nos. 8, 12, 14. Defendant filed an answer on July 31, 2023. ECF No. 27. On August 10, 2023, the court set a scheduling order

for the case that included, inter alia, a deadline for discovery to be completed by December 22, 2023, and a deadline of March 22, 2024 for dispositive motions. ECF No. 30.

On October 24, 2023, plaintiff moved to compel discovery, which defendant opposed. ECF Nos. 35, 36. The court granted the motion on February 12, 2024, and ordered the defendant to file a statement with the court within seven days averring he had supplemented his responses to the plaintiff's requests for production of documents in accordance with the court's order. ECF No. 38. After that deadline passed, on April 2, 2024, the court issued an order to show cause why sanctions should not issue for failure to comply with the court's order. ECF No. 41. Defendant responded on April 15, 2024, ECF No. 43, and, on June 18, 2024, the court discharged the order to show cause and ordered that any additional discovery or discovery-related motion practice was due within thirty days of the date of the order, i.e., July 18, 2024. ECF No. 44.

On July 8, 2024, plaintiff filed a "response" to the court's June 18 order, in which he requested ten additional items to be produced. ECF No. 45. Defendant responded to plaintiff's requests on August 1, 2024. ECF No. 48 at 5-8. Plaintiff then filed the instant motion on September 12, 2024. ECF No. 46.

**B.    Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request, the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence," *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The district courts have broad discretion to permit or deny discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (2002), including in making relevancy determinations. *Surfvivor Media, Inc.*, 406 F.3d at 635. The district court may also limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can

be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Rule 37 of the Federal Rules of Civil Procedure permits a party seeking discovery to move to for an order compelling it, so long as the movant has in good faith conferred or attempted to confer with the nonmovant in an effort to obtain the discovery without court intervention. Fed. R. Civ. P. 37(a)(1). The rule identifies three specific forms of a motion to compel: (a) a motion to compel a disclosure that should have been made under Rule 26(a), where the nonmovant failed to make a disclosure or gave an incomplete or evasive response; (b) a motion to compel a discovery response, where a deponent failed to answer a question under Rule 30 or 31, an entity failed to make a designation under Rule 30(b)(6) or 31(a)(4), a party failed to answer an interrogatory under Rule 33, or a party failed to produce documents or permit inspection as requested under Rule 34; or (c) a motion made when taking an oral deposition. Fed. R. Civ. P. 37(a)(3)-(4).

**C.     Analysis**

Here, plaintiff moves the court to issue an order compelling the defendant to produce "a copy of defendant's California Correctional Health Care Services 'duty statement' of essential functions." ECF No. 46 at 1-2. In his reply brief, he explains that this constitutes a new request that he identifies as "set four" of his discovery requests, and that he became aware of the possibility of its existence from evidence developed in another case. ECF No. 50 at 1-2.

Plaintiff has not met his burden to show that an order to compel production of the document at issue is warranted here. In order for the court to issue an order compelling discovery, plaintiff must show that he attempted in good faith to obtain the discovery from the defendant without a court order. *See* Fed. R. Civ. P. 37(a)(1). Here, however, there is nothing before the court showing that plaintiff made a request for "a copy of defendant's California Correctional Health Care Services 'duty statement' of essential functions" from the defendant during the course of discovery, before seeking an order from this court. *See* ECF No. 35 at 6-15; ECF No. 48 at 5-16. Although plaintiff made additional discovery requests of defendant in the

1  "response" he filed on July 8, 2024, none of those requests appear to encompass the document
2  that plaintiff now seeks to have produced. ECF No. 45 at 1-3.
3      For the same reasons, plaintiff has also failed to show that defendant's response to his
4  request was deficient, so as to permit this court to issue an order compelling production. *See* Fed.
5  R. Civ. P. 37(a)(3)-(4). To make this showing, plaintiff would need to, at a minimum, inform the
6  court what the defendant's response to his request was and why that response was inadequate.
7      Accordingly, it is ORDERED that plaintiff's motion to compel (ECF No. 46) is DENIED.

9  Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4