UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LAMAR BLACK, | No. 2:21-cv-02167-TLN-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. THOMPSON, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in a civil rights action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Currently before the court are the motions to compel and for summary judgment of defendants Allred and Birch, the only remaining defendants in this action. ECF Nos. 75 and 79. Plaintiff has not responded substantively to either motion. In their motion to compel, defendants request in the alternative that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41. ECF No. 75. Defendants move for summary judgment on several grounds, including that plaintiff failed to exhaust his administrative remedies. ECF No. 79. For the following reasons, defendants' motion for summary judgment should be GRANTED because plaintiff failed to exhaust his administrative remedies before filing this lawsuit. In addition, this action should be DISMISSED for failure to prosecute.

1

**I.     Procedural Background**

This case was filed in 2021. ECF No. 1. Defendants' motion to compel was filed on February 14, 2025, and defendants' motion for summary judgment was filed on May 20, 2025. ECF Nos. 75 and 79. Before filing his motion for an extension on June 17, 2025 (ECF No. 82), plaintiff had not filed anything with this court since November 26, 2024. ECF No. 73.

On May 12, 2025, the court filed an order directing plaintiff to file either an opposition or a notice of non-opposition to defendants' motion to compel within seven days of the date of the order. ECF No. 76. Plaintiff was notified that his failure to do so might be deemed a waiver of any opposition to the granting of defendants' motion pursuant to Local Rule 230(l). *Id.* Furthermore, plaintiff was cautioned that "failure to comply with this order may result in sanctions, up to and including dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." *Id.*

Although plaintiff never notified the court of an updated address, defendants and the court became aware that plaintiff had transferred prisons. Accordingly, defendants re-served their motion for summary judgment on plaintiff on May 30, 2025. ECF No. 81. On that same day, the court re-served the May 12, 2025 order directing plaintiff to respond within seven days of the date of the order. *See* Docket.

In his June 17, 2025 motion for an extension of time for an unspecified period, plaintiff cited as good cause his prison transfer and his subsequent inability to access his legal paperwork. ECF No. 82. The court granted plaintiff a further extension of seven days to file an opposition or notice of non-opposition to defendants' motion to compel. ECF No. 83. The court also granted plaintiff a further extension of fourteen days to file an opposition or notice of non-opposition to defendants' motion for summary judgment. *Id.* Plaintiff was cautioned that no further extensions would be granted in this matter, and that failure to comply with this order may result in sanctions, up to and including dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Plaintiff did not, as ordered, file an opposition or notice of non-opposition to either defendants' motion to compel or to defendants' motion for summary judgment. Instead, plaintiff filed a document entitled "Notice re assault and REQUEST a court order for case manager to

1  provide paperwork and property re this case." ECF No. 84.  While this pleading is deficient and
2  incomprehensible in many ways, it appears to maintain that plaintiff was assaulted and placed in
3  the Security Housing Unit, and that his case manager allegedly had plaintiff "locked up" away
4  from his court materials.  *Id.*  This pleading includes a copy of a document from the Federal
5  Bureau of Prisons entitled "Inmate Request to Staff" but the document has not been filled out.
6  There is nothing in this pleading addressing defendants' two pending motions, nor does it request
7  a further extension of time based on a showing of good cause or otherwise providing factual
8  support for plaintiff's assertion that he was assaulted or that he is unable to access his legal
9  materials.  *Id.*

10        **II.        Failure to Prosecute**

11        Defendants have requested that this action be dismissed for failure to prosecute.  ECF No.
12  75.  Having filed this action, plaintiff is obligated to prosecute it by timely responding to
13  discovery requests and filing deadlines or seeking extensions of those deadlines from the court.
14  As noted *supra*, before filing a motion for an extension on June 17, 2025 (ECF No. 82), plaintiff
15  had not filed anything with this court since November 26, 2024.  ECF No. 73.  He did not notify
16  the court of his change in location.  When he failed to respond to defendants' motion to compel,
17  he was warned by the court that failure to respond might result in the imposition of sanctions.
18  ECF No. 76.  In the court's most recent order granting plaintiff an extension of time to respond to
19  defendants' motions, plaintiff was further cautioned that no further extensions would be granted
20  in this matter, and that failure to comply might result in sanctions, up to and including dismissal
21  of this action pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 83.

22        "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali*
23  *v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Pro se litigants are bound by the rules of procedure,
24  even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567
25  (9th Cir. 1987); *Jacobsen v. Filler*, 790 F.2d 1362 1364-65 (9th Cir. 1986).

26        In determining to recommend that this action be dismissed, the court has considered the
27  five factors set forth in *Ghazali*, 46 F.3d at 53.  Plaintiff's failure to comply with the Local Rules
28  has impeded the expeditious resolution of the instant litigation and has burdened the court's

docket, consuming scarce judicial resources in addressing litigation which plaintiff is not currently diligently prosecuting. Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motions has interfered with the court's ability to do so. In addition, defendants are prejudiced by the inability to reply to opposition briefing. Finally, the court has informed plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motions, all to no avail. The court finds no suitable alternative to dismissal of this action.

### III.     Motion for Summary Judgment: Administrative Remedies

In the interest of thoroughness, the court also addresses defendants' unopposed motion for summary judgment, specifically defendants' argument that they are entitled to summary judgment because plaintiff failed to properly exhaust his administrative remedies. ECF No. 79-1.

The Prison Litigation Reform Act (PLRA) of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and a prisoner is required to exhaust those remedies which are available. *See Booth v. Chumer*, 532 U.S. 731, 736 (2001). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Under this rubric, defendant bears the burden of demonstrating that administrative remedies were available, and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If the undisputed evidence, construed in the light

4

most favorable to plaintiff, demonstrates that plaintiff did not exhaust the available administrative remedies, then defendant is entitled to summary judgment. *Id.* at 1166.

Here, defendants have established that the BOP maintains an administrative remedies program that requires three levels of grievances before a claim is fully exhausted. Declaration of Jennifer Vickers (Vickers Decl.), ¶¶ 2-3; ECF No. 79-5. In addition, defendants' undisputed[1] evidence demonstrates that plaintiff did not file any grievances or appeals relating to his claims against defendants that are the subject of this lawsuit. Vickers Decl., ¶¶ 1, 4-6; Ex. 1. Plaintiff has not submitted any evidence or made any allegations that he either exhausted his administrative remedies, or that such remedies were unavailable to him. Thus, defendants are entitled to summary judgment, and all of plaintiff's claims against them should be dismissed.

**IV.     Recommendation**

For the foregoing reasons, it is RECOMMENDED that:

1) Defendants' motion for summary judgment be GRANTED due to plaintiff's failure to exhaust his administrative remedies;

2) This action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) and the Clerk of Court be directed to administratively terminate all pending motions, including defendants' motion to compel. *See also* E.D. Cal. L.R. 230(l).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[1] As discussed *supra*, plaintiff did not respond to defendants' motion for summary judgment with either a notice of non-opposition or a substantive opposition, despite the caution by this court that failure to respond could result in a waiver of any opposition to the motion or could be grounds for sanctions.

event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE